■ NORBERT R. DARGA et al., Respondents, v COLUMBIA UNIVERSITY et al., Appellants. [604 NYS2d 561] —Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered on or about July 18, 1992, insofar as it denied defendants' motion for summary judgment to dismiss the action for lack of subject matter jurisdiction as against defendant Columbia University without prejudice to renewal, unanimously affirmed, with costs.

The IAS Court properly concluded that questions of material fact exist as to whether the vessel on which plaintiff was allegedly injured was a "public vessel" so as to invoke the Public Vessels Act (46 USC [Appendix] § 781 *et seq.* [PVA]), and as to whether an action against the Trustees of Columbia University (the Trustees) would be precluded under either the PVA or the Suits in Admiralty Act (46 USC [Appendix] § 741 *et seq.)* because the Trustees acted as a governmental agent. A public vessel under the PVA has been defined as one that is used as directed by the Government exclusively for a public purpose *(see, Blanco v United States,* 775 F2d 53, 57). Under the charter agreement here, it appears the Trustees were permitted at times to use the vessel for oceanographic research for purposes other than strictly "public" ones directed by the Navy. Since it is not clear at this stage of the litigation whether the Trustees were entitled to private use of the research results from the project the vessel was undertaking at the time of plaintiff's alleged accident, it cannot be deter-

mined as a matter of law whether the ship was a public vessel. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.